Louis E. HOLKER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 84–5076.

United States Court of Appeals,
Eighth Circuit.

Submitted June 1, 1984.

Decided June 26, 1984.

party or would have determined conflicting facts differently we have the authority to say that we have a firm conviction of a mistake having been committed.

To say that a trial court's finding in a given case is not clearly erroneous, particularly where there exists strong evidentiary support, should not lead to a rhetorical charge that victims of discrimination should "remain silent." This statement by the dissent will do more to cause apprehension among victims of discrimination than the mere affirmance by this court of a district judge's findings of fact.

Louis E. Holker, pro se.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Louis E. Holker was assessed a $500 penalty under 26 U.S.C. § 6702 for filing a frivolous tax return. He then commenced this suit under 26 U.S.C. § 6703(c)(2) for abatement of this assessment. The district court granted the government's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(b) and we affirm.

In a letter to the IRS, Holker requested a tax refund for 1982, arguing that he owed no tax because he is a "natural individual and unenfranchised freeman" who "neither requested, obtained nor exercised any privilege from any agency of government." Holker enclosed with this letter an unsigned Form 1040 marked "NOT A TAX RETURN—For information only," two W–2 forms marked "INCORRECT," and a Schedule C profit and loss statement. On Schedule C, Holker claims to be in "construction" and he lists, among other things, gross receipts of over $15,000 which were also deducted as labor costs (despite directions in Schedule C not to include salary that the taxpayer paid to himself).

Under 26 U.S.C. § 6702, the questions presented to this Court are whether Holker filed "what purports to be a return" but which contains insufficient information by which the substantial correctness of the self-assessment may be judged or which contains information that on its face indicates that the self-assessment is substantially incorrect; and, if so, whether filing the purported return is due to a position which is frivolous. As the district court correctly noted, these are issues of law for the court to decide. *See United States v. Grabinski*, 727 F.2d 681, 686 (8th Cir.1984) (citing *United States v. Moore*, 627 F.2d 830, 834 (7th Cir.1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981)).

Although Holker denies having filed any document that purports to be a tax return, his argument is meritless. Taxpayers may not obtain refunds without first filing returns. 26 C.F.R. § 301.6402–3(a)(1) (1983). With Holker's refund request to the IRS, he appended a Form 1040 and W–2 statements. Under the circumstances, we can only construe these documents as elements of a purported return. *Nichols v. United States*, 575 F.Supp. 320, 322 (D.Minn.1983). Any other construction of section 6702 would flout the intent of Congress to penalize any individual filing a frivolous return. *See* S.Rep. No. 97–494,

97th Cong., 2d Sess., *reprinted in* 1982 U.S.Code Cong. & Ad.News 781, 1024.

Holker's return facially indicates that his self-assessment is incorrect and that his position is frivolous. His W–2 forms show his receipt of wages totaling $15,060.96, yet he reported no wages on his Form 1040. His unexplained designation of his W–2 forms as "INCORRECT" and his attempt to deduct his wages as his cost of labor on Schedule C also establish the frivolousness and incorrectness of his position. *See Funk v. Commissioner,* 687 F.2d 264, 265 (8th Cir.1982) (designation of wages received for services as untaxable income is frivolous).

Accordingly, the judgment of the district court is affirmed on the basis of 8th Cir.R. 14.