**Lloyd R. OLSON, Plaintiff/Appellant,**

v.

**UNITED STATES of America, Defendant/Appellee.**

**No. 84–4030.**

United States Court of Appeals, Ninth Circuit.

Submitted April 25, 1985 *.

Decided May 16, 1985.

* This panel unanimously agrees that this case is appropriate for submission without oral argument.

Lloyd R. ·Olson, in pro. per.

Gary R. Allen, Martha Brissette, Washington, D.C., for defendant/appellee.

Before KILKENNY, FERGUSON and WIGGINS, Circuit Judges.

PER CURIAM:

Lloyd R. Olson filed an unsigned Form 1040 (individual income tax return) for 1982 on which he listed his wages as zero and cautioned that it was not a return. Attached to the Form 1040 was a W–2 form showing that Olson had been paid $53,-417.69 in wages in 1982 (which Olson had marked "Incorrect"), a Schedule C profit or loss statement in which Olson offset the wages he received by a greater amount of "cost of labor" and other deductions purportedly incurred in earning his wages, and a letter stating that he had studied the tax laws and determined that he owed no taxes because he had not obtained any privilege from a governmental agency in 1982. He asserted that he filed the Form 1040 only to obtain a refund and not with the intent to file a return.

The Internal Revenue Service ("INS") attempted to have Olson sign the Form 1040 and complete a proper return. Olson refused. The IRS then assessed a $500 civil penalty against Olson pursuant to section 6702 of Title 26 of the United States Code. Olson paid fifteen percent of the assessment ($75) and demanded abatement of the penalty, but the IRS disallowed his refund claim.

Olson then filed a complaint for a refund in the district court. The government moved for judgment on the pleadings and the district court dismissed the action with prejudice. Olson appeals to this court.

Section 6702 authorizes the imposition of a $500 civil penalty on any individual who, from a frivolous position or a desire (which appears on the face of the purported return) to delay or impede the administration of the tax laws, files what purports to be a tax return which either does not contain sufficient information to judge the substantial correctness of the self-assessment or contains information that indicates on its face that the self-assessment is substantially incorrect. Olson contends that he did not file "what purports to be a [tax] return" and that his filing was not frivolous. These arguments are without merit.

■ Although Olson wrote the words "not a return" on the Form 1040 he filed, he acknowledges that he filed the form to obtain a refund of the taxes withheld from his wages in 1982. Because a taxpayer may not obtain a refund without first filing a return, 26 C.F.R. § 301.6402–3(a)(1), the form filed by Olson should be construed to be a "purported" return. *Davis v. United States*, 742 F.2d 171, 173 (5th Cir.1984); *Holker v. United States*, 737 F.2d 751, 752 (8th Cir.1984).

The form also contained information that on its face showed that Olson's self-assessment was substantially incorrect. Olson listed his wages, salaries, and tips as zero, yet his W–2 form indicated that he had received in excess of $50,000 in wages. He made no attempt to explain this discrepancy beyond writing the word "incorrect" on the W–2 form. Thus, the IRS also could not judge the substantial correctness of the return.

■ Further, Olson's attempts to escape tax by deducting his wages as "cost of labor" and by claiming that he had obtained no privilege from a governmental agency illustrate the frivolous nature of his position. This court has repeatedly rejected the argument that wages are not income as frivolous, *see, e.g., Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir.1984); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir.1981), and has also rejected the idea that a person is liable for tax only if he benefits from a governmental privilege. *See United States v. Buras*, 633 F.2d 1356, 1361 (9th Cir.1980). Therefore, the district court properly found that Olson was liable under section 6702 for filing a frivolous tax return. *See Davis v. United States*, 742 F.2d 171 (5th Cir.1984); *Holker v. United States*, 737 F.2d 751 (8th Cir.1984).

■ The remaining issues are easily resolved and likewise meritless. The IRS clearly had jurisdiction to assess the penalty against Olson, *see* U.S. Const. art. I, § 8; 26 U.S.C. § 6201. The district court properly denied Olson a jury trial because there were no material facts in dispute but only issues of law. *See Ex parte Peterson*, 253 U.S. 300, 310, 40 S.Ct. 543, 546, 64 L.Ed. 919 (1920); *Davis v. United States*, 742 F.2d at 173; *Holker v. United States*, 737 F.2d at 752.

■ The judgment of the district court is therefore affirmed. Because Olson has raised totally meritless arguments, we characterize this appeal as frivolous. It is within our discretion to impose double costs and attorney fees for such frivolous appeals. Fed.R.App.P. 38; *Hatch v. Reliance Insurance Co.*, 758 F.2d 409, 416 (9th Cir.1985); *Davis v. United States*, 742 F.2d at 173. We therefore impose attorney fees in the sum of $1,000 and double costs on Olson.

AFFIRMED.