Susan B. KELLY, Plaintiff, Appellant,

v.

UNITED STATES of America,
Defendant, Appellee.

James P. KELLY, Plaintiff, Appellant,

v.

UNITED STATES of America,
Defendant, Appellee.

Nos. 85–1716, 85–1717.

United States Court of Appeals,
First Circuit.

Submitted Feb. 6, 1986.
Decided May 2, 1986.

Susan B. Kelly and James P. Kelly, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, Tax Div., Dept. of Justice, Washington, D.C., and Richard V. Wiebusch, U.S. Atty., Concord, N.H., on brief, for defendant, appellee.

Before COFFIN, BOWNES, and TOR-RUELLA, Circuit Judges.

PER CURIAM.

In 1983, plaintiffs Susan Kelly and James Kelly each filed with the Internal Revenue Service (IRS) a "Request for Refund of Income Tax", seeking a refund of all taxes paid in taxable year 1982. Each plaintiff stated that he was a "natural individual" and "unenfranchised freeman" who "neither requested, obtained, nor exercised any privilege from an agency of government...." Each attached a Form 1040, a Schedule C (Profit or (Loss) From Business or Profession), and Forms W-2. Neither plaintiff signed the Form 1040; rather, each wrote "For Info Only—Not a Return" on the signature line. Neither Form 1040 listed any amount for wages, salaries or tips, even though the Forms W-2 indicated that James had received more than $25,000, and Susan had received more than $18,000 in "wages, tips and other compensation." The word "Incorrect" was written on each Form W-2 with no further explanation on the forms.

On the Schedules C, each plaintiff listed as "gross receipts or sales" of his purported business activity of "Labor Contractor" an amount almost identical to the amount listed as wages on the Forms W-2. In each case, the gross receipts were offset by adjustments for "cost of labor" (again, an amount almost identical to the amount of wages listed on the Forms W-2) and purchases.

The IRS assessed a $500 penalty against each plaintiff pursuant to 26 U.S.C. § 6702, which authorizes imposition of a civil penalty for the filing of a frivolous tax return. Each plaintiff paid 15 percent of the penalty and requested a refund of that payment from the IRS. Both requests were denied. Plaintiffs then filed separate suits in district court against the United States (de-

fendant), seeking refunds of their partial payments of the penalty.

In each case, defendant filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), and a motion for an award of costs and attorneys' fees pursuant to Fed.R.Civ.P. 11. On May 28, 1985, the district court entered judgment dismissing Susan Kelly's complaint. On July 5, 1985, judgment entered dismissing James Kelly's complaint. In a separate order entered on July 19, 1985, the district court granted defendant's motion for costs and attorneys' fees in both cases, and ordered defendant to submit the amount of fees and costs incurred. Plaintiffs filed a joint notice of appeal from the July 19 order, and their appeals were consolidated.

█ As an initial matter, defendant argues that this court lacks jurisdiction over the appeals because the order appealed from (the July 19 order) allegedly is not final. That order granted defendant's motion for an award of costs and attorneys' fees, but did not determine the amount of the award. While we doubt that the July 19 order is final,[1] we note that neither plaintiff has raised any issue on appeal concerning the district court's award of costs and attorneys' fees to defendant; rather, both plaintiffs, who are *pro se*, have challenged *only* the dismissal of their respective complaints. Although plaintiffs stated in their Statements of Issues on Appeal that they alleged that the district court erred in granting the award of costs and attorneys' fees, they also alleged that the district court erred in granting the motions to dismiss. In addition, in their appellate briefs both plaintiffs mistakenly stated that the district court granted defendant's motions to dismiss in the July 19 order. They also stated that they filed a notice of appeal "from the judgment from the 'order of dismissal.'" Neither plaintiff mentioned in his brief the order awarding costs and fees. Thus, plaintiffs apparently intended to appeal from the judgments dismissing their complaints,[2] which appear to be final and appealable. *See, e.g., Morgan v. Union Metal Manufacturing*, 757 F.2d 792 (6th Cir.1985). Giving plaintiffs the benefit of the doubt, we treat their appeals as being from the judgments dismissing their complaints.[3]

█ Assuming plaintiffs intended to appeal from the dismissals of their complaints, we next consider whether their appeals were timely. Judgment dismissing Susan's complaint was entered on May 28. However, she did not file a notice of appeal until August 2, which was beyond the 60 day period required under Fed.R.App.P. 4(a)(1).[4] Therefore, this court lacks jurisdiction to review the dismissal of her complaint.[5] *See Morgan*, 757 F.2d at 794–95.

1. *See, e.g., Fort v. Roadway Exp., Inc.*, 746 F.2d 744, 747–48 (11th Cir.1984); *Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir.1976). *But see Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1006 (7th Cir.1984); *Wang v. Gordon*, 715 F.2d 1187, 1190 (7th Cir.1983).

2. Even if the order awarding costs and attorneys' fees could be considered final and appealable, and even if plaintiffs originally intended to challenge that award, plaintiffs failed to raise any issues in their briefs concerning the award. Thus, plaintiffs waived any challenges they may have had to the award. *See, e.g., Consumers Union of U.S., Inc., v. Federal Power Commission*, 510 F.2d 656, 662, nn. 9 & 10 (D.C.Cir. 1974); *United States v. White*, 454 F.2d 435, 439 (7th Cir.1971); Fed.R.App.P. 28.

3. A mistake in designating a judgment or part of a judgment in the notice of appeal ordinarily will not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice, and appellee is not misled by the mistake. 9 Moore's Federal Practice ¶ 203.18 at 3–76 and 3–77. *See Wheatley v. Beetar*, 637 F.2d 863, 864, n.1 (2d Cir.1980). Here, as noted above, it appears that plaintiffs intended to appeal from the judgments dismissing their complaints. In addition, we discern no prejudice to defendant by treating the appeals as being from the judgments dismissing their complaints, since in its brief defendant has fully addressed the merits of the judgments of dismissal.

4. The 60 day period applies because the United States is a party. *See* Fed.R.App.P. 4(a)(1).

5. Even if Susan's challenge to the dismissal of her complaint were properly before us, however, she would not prevail on the merits. The arguments Susan raises on appeal are identical to those raised by James on appeal. As is evident from our consideration of the issues James

Judgment dismissing James's complaint was entered on July 5; his notice of appeal was filed on August 2, which was within the required 60 day period. Therefore, his appeal from the dismissal of his complaint is timely, and we have jurisdiction to review the dismissal.

■ In challenging the dismissal of his complaint, James argues that he did not file a "purported return" within the meaning of section 6702.[6] We disagree. James requested a full refund of taxes withheld from wages in 1982. A taxpayer cannot obtain such a refund without first filing a return. 26 C.F.R. § 301.6402-3(a)(1) (1985). In addition, with his request for a refund James submitted a Form 1040, a Schedule C, and a Form W-2. Under these circumstances, we believe the documents James submitted were elements of a "purported return." *See, e.g., Davis v. United States Government,* 742 F.2d 171, 173 (5th Cir. 1984) (per curiam); *Holker v. United States,* 737 F.2d 751, 752 (8th Cir.1984) (per curiam); *Nichols v. United States,* 575 F.Supp. 320, 322 (D.Minn.1983). Although James wrote on the Form 1040 that it was not a return, and stated in the cover letter that the submitted documents were not intended to be a return, those attempted disclaimers were insufficient to avoid the application of section 6702. *See Olson v. United States,* 760 F.2d 1003, 1005 (9th Cir.1985) (per curiam); *Anderson v. United States,* 754 F.2d 1270, 1272 (5th Cir.1985) (per curiam); *Davis,* 742 F.2d at 173.

James's contention that the other requirements of section 6702 were not met also lacks merit. His purported return fa-

cially indicated that his assessment was incorrect, and that his position was frivolous, thereby justifying imposition of the penalty. *See* 26 U.S.C. §§ 6702(a)(1)(B) and (a)(2)(A). The attached Form W-2 indicated that James received wages in excess of $25,000 in 1982, yet he reported no income from wages on Form 1040. That failure, plus his unexplained designation of his Form W-2 as "Incorrect",[7] and his attempt to deduct as a cost of labor expense on Schedule C an amount almost identical to the amount of wages on Form W-2 establish the incorrectness and frivolousness of his position. *See, e.g., Olson,* 760 F.2d at 1005; *Davis,* 742 F.2d at 172; *Holker,* 737 F.2d at 753. In addition, his claim that he was not liable for any tax because he neither requested, obtained, nor exercised any privilege from a government agency was equally frivolous and meritless. *See Olson,* 760 F.2d at 1005; *Lovell v. United States,* 755 F.2d 517, 519 (7th Cir. 1984) (per curiam).

James's argument that the district court erred in granting summary judgment is inapposite. The district court did not grant summary judgment, but granted defendant's motion to dismiss.

■ James also contends that the district court denied him his alleged Seventh Amendment right to a jury trial. However, the right to a jury trial exists only when there are factual issues to be resolved. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 336, 99 S.Ct. 645, 654, 58 L.Ed.2d 552 (1979). Here, the only questions to be determined were whether James filed a

---

raises, *see infra,* we find those arguments to be totally without merit.

We also note that even if Susan did, in fact, intend to appeal from the order granting costs and attorneys' fees, rather than from the judgment granting the motion to dismiss, it appears that this order was not final and appealable. *See, e.g., Fort v. Roadway Exp., Inc.,* 746 F.2d 744, 747–48 (11th Cir.1984). Thus, in either case, her appeal would be subject to dismissal for lack of jurisdiction.

**6.** The penalty provisions of section 6702 do not come into play unless the taxpayer files "what purports to be a return." 26 U.S.C. § 6702.

**7.** James apparently argues that his Form W-2 was incorrect because he earned no wages in 1982. This apparently relates to his argument that the money he received in compensation for labor was not "wages" or taxable income. That argument is meritless. *See Hyslep v. United States,* 765 F.2d 1083, 1084 (11th Cir.1985) (per curiam); *Lovell v. United States,* 755 F.2d 517, 519 (7th Cir.1984) (per curiam); *cf. United States v. Aitken,* 755 F.2d 188 (1st Cir.1985).

purported return under section 6702, whether the purported return contained information that on its face indicated that the self-assessment was substantially incorrect, and whether his position was frivolous. Those were questions of law for the court to decide. *Holker,* 737 F.2d at 752. Thus, by granting the motion to dismiss, the district court did not deprive James of any right to a jury trial. *See Itel Capital Corp. v. Cups Coal, Inc.,* 707 F.2d 1253, 1261 (11th Cir.1983); *Richcreek v. Grecu,* 612 F.Supp. 111, 116 (S.D.Ind.1985).

James raises several other issues on appeal. We have considered them and find them equally meritless.

■ Defendant asks that we impose sanctions against plaintiff for bringing a frivolous appeal. *See* Fed.R.App.P. 38. As noted above, the arguments raised by James are frivolous and totally without merit. Several arguments James raises have repeatedly been rejected by courts. *See, e.g., Olson,* 760 F.2d at 1005; *Davis,* 742 F.2d at 172–73. In analogous cases, courts have not hesitated to impose sanctions against the appellant under Rule 38. *See, e.g., Olson,* 760 F.2d at 1005; *Lovell,* 755 F.2d at 520; *Davis,* 742 F.2d at 173. We therefore assess double costs against James for bringing a frivolous appeal. *See* Fed.R.App.P. 38.

The appeal in case no. 85–1716 is dismissed for lack of jurisdiction. In case no. 85–1717, the judgment of the district court is affirmed; double costs are assessed against appellant.