JOHN S. CARLSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carlson v. Commissioner
Docket No. 5135-90
United States Tax Court
T.C. Memo 1991-488; 1991 Tax Ct. Memo LEXIS 537; 62 T.C.M. (CCH) 886; T.C.M. (RIA) 91488; September 30, 1991, Filed *537 John S. Carlson, pro se. Lisa M. Oshiro, for the respondent. GALLOWAY, Special Trial Judge. GALLOWAY
MEMORANDUM OPINION This case was assigned pursuant to section 7443A(b) and Rule 180 et seq. (All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure). This case is before the Court on respondent's Motion For Judgment On The Pleadings filed pursuant to Rule 120. Respondent determined a deficiency of $ 5,485 in petitioner's 1988 Federal income tax and an addition to tax under section 6653(a)(1) in the amount of $ 274. Petitioner resided in Snohomish, Washington, when he filed his petition in this case. Respondent's determination was based upon the failure of petitioner to report wages received as income for the taxable year. In his petition, petitioner alleges in part as follows: Petitioner, a nontaxpayer who has not been factually proven to be subject to any Federal internal revenue law pertaining to income (indirect) taxation as purported in LETTER OF DEFICIENCY (dated March 9, 1990), hereby and herewith petitions in the above-entitled Court *538 to dismiss afore-mentioned LETTER OF DEFICIENCY for the reason that it is a moot document, having been superseded by an action initiated by Petitioner in United States District Court for the District of Western Washington; therefore, aforesaid Letter is also irrelevant, immaterial, null and void and a frivolous act on Respondent's part who was fully aware of Petitioner's District Court action since he was timely and properly served in the regard.
* * * After respondent filed his answer, petitioner filed a motion to dismiss for lack of jurisdiction, which contained similar tax-protester allegations raised in the petition. In the concluding paragraph of petitioner's motion, petitioner alleges that he has prosecuted his action "BY SPECIAL APPEARANCE ONLY" and requests this Court to "relinquish jurisdiction over subject matter to Federal District Court where it rightfully lies." Petitioner's motion was denied. Then petitioner filed a Request For Admissions pursuant to Rule 90 in which he purportedly requested that respondent reply to 22 answers. The enumerated requests did not relate to the subject matter of the controversy. Instead, the requests were in the form of protester-type *539 conclusions by which petitioner sought admission by respondent that petitioner was not subject to the income tax laws of the United States. Respondent filed a Motion For Protective Order requesting that he need not respond to petitioner's request for admissions since petitioner had not complied with Rule 70 with respect to attaining the objectives of discovery through informal consultation or communication with the opposing party. Respondent's motion was granted by the Court. At the hearing on respondent's motion for judgment on the pleadings, the parties appeared. Petitioner filed as his memorandum of authorities a document captioned "Affidavit Of Petitioner", to which he attached various W-2 forms and pay stubs received from his employers for the 1988 year. Petitioner argues in his memorandum that the W-2 forms and pay stubs somehow show that his wages are not subject to income tax, because they were "payment for the use of my time exclusively." We reject petitioner's contention. Petitioner submitted other written and oral tax-protester arguments which require no discussion. To further support his motion, respondent filed a document captioned "Notice Of District Court Action." *540 Attached to respondent's document was an order of the United States District Court, Western District of Washington at Seattle. The order of that court, dated 8 months prior to this Court's hearing of respondent's motion for judgment on the pleadings, dismissed for lack of jurisdiction petitioner's lawsuit in the Federal District Court with respect to petitioner's 1988 income tax liabilities. Rule 120 provides that where the pleadings are closed, as in this case, but within such time as to not delay the trial, any party may move for judgment on the pleadings. Rule 34(b) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by the Commissioner in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. Petitioner has alleged no justiciable error with respect to any issues determined by respondent nor any facts in support of his contentions. In fact, petitioner's sole argument is merely one more variation *541 of the "wages are not income" theme, which has been rejected repeatedly by this and many other courts. See Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986), affg. a Memorandum Opinion of this Court; Olson v. United States, 760 F.2d 1003, 1005 (9th Cir. 1985); Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983). See also Ficalora v. Commissioner, 751 F.2d 85 (2d Cir. 1984), affg. an unreported order of this Court, which petitioner relies on as authority. Petitioner argues that Ficalora shows "that the collection of deficiency as claimed by respondent shall be an unlawful collection of unauthorized taxes." Petitioner is mistaken. The appeals court in Ficalora, supra, as in the above-cited cases, also held that wages received by the taxpayer in that case were taxable income under section 61(a)(1). Since the sole legal issue before us, i.e, whether wages are taxable income, has been repeatedly decided in the positive, it is clear that the pleadings do not raise a genuine issue of a material fact with respect to respondent's determination of an income tax deficiency and the addition to tax, but rather involve issues of law. Abrams v. Commissioner *542 , 82 T.C. 403, 408 (1984). Accordingly, respondent's motion for judgment on the pleadings will be granted. See Martin v. Commissioner, T.C. Memo 1990-560. We now consider, on our own motion, whether we should impose a penalty against petitioner under section 6673. We have required a penalty to be paid to the United States on our own motion in applicable cases where we are convinced that a taxpayer's position in the proceeding is frivolous or groundless and the proceeding was instituted primarily for delay. See Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 410 (1984). Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous, groundless, or instituted primarily for delay, we may require the taxpayer to pay to the United States a penalty in an amount not in excess of $ 25,000. Section 6673(a), as amended by section 7731 of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400. We find that the petition in this case is frivolous and groundless and was filed primarily for delay. Accordingly, we hold that petitioner is required to pay to the United States a penalty *543 in the amount of $ 4,000. An appropriate order and decision will be entered.