990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brent JACKSON, Petitioner,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent.
 No. 92-70069.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1993.*
Decided April 7, 1993.
 
 Before CHOY, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Brent Jackson ("Jackson") appeals the tax court's dismissal of his petition for redetermination of a tax deficiency for failure to state a claim. Jackson contends that the tax court erred by dismissing his petition because (1) as a resident of California he is exempt from paying taxes, and (2) the Commissioner lacks the authority to collect taxes. We find these arguments without any merit and we affirm.
 
 I. Dismissal for Failure to State A Claim
 
 3
 We review de novo the tax court's dismissal for failure to state a claim upon which relief can be granted. Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir.1986). A dismissal on the pleadings is appropriate when the petitioner presents no material issue of fact to be resolved and the moving party is clearly entitled to judgment as a matter of law. See Revised Tax Court Notes for Rule 120 of the Rules of Practice and Procedure of the United States Tax Court, 60 T.C. 1057, 1126 (1973); see also Grimes, 806 F.2d at 1453. Petitioners are required to articulate clear and concise assignment of each error committed by the Commissioner, and clear and concise statements of the facts supporting each assignment of error. Tax Ct.R. 34b(4) & (5).
 
 
 4
 In his petition, Jackson contends that he is a "natural person living in [ ] California" and a non-resident alien of the United States, exempt from federal income tax. Jackson also asserts that he works as a manual laborer in exchange for monetary compensation. Jackson argues that as a manual laborer, he is not engaged in an excise revenue taxable activity and, therefore, is not liable for income tax. We find these contentions absurd.
 
 
 5
 The Internal Revenue Code imposes an income tax on United States citizens who reside in the United States and whose income is derived from domestic sources. See 26 U.S.C. § 1(c); see also In re Becraft, 885 F.2d 547, 548 (9th Cir.1989) ("[T]he Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens."). Section 61 of the Internal Revenue Code imposes a tax on income, and under the Tax Code, wages are income. 26 U.S.C. § 61; Grimes, 806 F.2d at 1453; Olson v. United States, 760 F.2d 1003, 1005 (9th Cir.1985). Jackson is a taxpayer within the meaning of the code and is subject to federal income tax. In re Becraft, 885 F.2d at 548; Grimes, 806 F.2d at 1453.
 
 
 6
 Jackson further contends that the I.R.S., as an executive branch agency, is improperly exercising powers assigned to the legislative branch of the federal government and that the Secretary of the Treasury has improperly delegated his authority to collect taxes to the Commissioner of the I.R.S. These contentions also lack merit. Article I, Section 8 of the United States Constitution gives Congress the power to levy and collect taxes, and Congress has granted the I.R.S. broad authority to collect taxes.
 
 
 7
 The delegation of authority down the chain of command, from the Secretary to the Commissioner of Internal Revenue, to local IRS employees constitutes a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees.
 
 
 8
 Hughes v. United States, 953 F.2d 531, 536 (9th Cir.1992). Accordingly, the Commissioner was acting within his authority in collecting taxes from Jackson. Id.
 
 
 9
 Jackson also asserts that he is exempt from taxation because the Treasury Department Orders ("TDO's") delegating authority to the Commissioner were never published in the Federal Register. The Federal Register Act, 44 U.S.C. §§ 1501-1511, does not require the publication of TDO's, and consequently, we have previously held that the government's failure to publish them does not affect the validity of the Secretary's delegation of authority to the Commissioner. See United States v. Saunders, 951 F.2d 1065, 1067-68 (9th Cir.1991). Accordingly, the failure of the government to publish the TDO's does not relieve Jackson of tax liability. Id.
 
 
 10
 Finally, Jackson asserts that IRS tax returns, instructions, and regulations do not contain Office of Management and Budget ("OMB") control numbers, in violation of the Paperwork Reduction Act ("PRA"). 44 U.S.C. § 3502, et seq. Therefore, he argues that he is exempt from taxation.
 
 
 11
 In general, the regulations codified under the PRA require that federal government agency information and collection requests display OMB control numbers. United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir.1991). However, the IRS's failure to display OMB control numbers on its tax return forms and on its regulations does not relieve Jackson of his duty to pay taxes. Id.
 
 
 12
 We find that the tax court properly dismissed Jackson's petition for failure to state a claim. See Grimes 806 F.2d at 1453-54.
 
 II. Tax Court Sanctions
 
 13
 The tax court imposed $5,000 in sanctions against Jackson under 26 U.S.C. § 6673 for filing a frivolous petition. We review the tax court's imposition of sanctions for abuse of discretion. Grimes, 806 F.2d at 1454.
 
 
 14
 Title 26 U.S.C. § 6673 authorizes the tax court to impose a penalty in favor of the United States, in an amount not to exceed $25,000, whenever it appears that the taxpayer's position in a proceeding is frivolous, groundless, or instituted or maintained primarily for delay. See Larson v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam).
 
 
 15
 This court has upheld sanctions on the basis of tax arguments similar to those presented by Jackson. See Grimes, 806 F.2d at 1454. We find that the tax court did not abuse its discretion by awarding the United States $5,000 in damages as a sanction against Jackson.
 
 III. Appellate Sanctions
 
 16
 The Commissioner requests that we impose a sanction against Jackson for bringing a frivolous appeal. We have the discretion to impose a penalty against a litigant as a sanction for bringing a frivolous appeal. 28 U.S.C. § 1912; Fed.R.App.P. 38. "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). Jackson's arguments are wholly without merit. Accordingly, we grant the Commissioner's request for a sanction in the amount of $1,500.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3