46 F.3d 1144
 75 A.F.T.R.2d 95-818, 95-1 USTC P 50,138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith James PONTHIEUX, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70363.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 1, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayer Keith James Ponthieux appeals pro se the tax court's dismissal of his petition for redetermination of tax deficiencies and additions for tax years 1990 and 1991. The tax court found that Ponthieux failed to allege any specific assignments of error in the Commissioner of Internal Revenue's ("Commissioner") calculation of his tax deficiency, as required under Tax Court Rule 34(b)(4) and (5). Ponthieux also appeals the tax court's imposition of a $5,000 penalty, pursuant to 26 U.S.C. Sec. 6673. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482, and we affirm the tax court's dismissal and its imposition of a penalty. In addition, we impose a sanction of $1,500.
 
 
 3
 We review de novo the tax court's dismissal for failure to state a claim. Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988). We review for abuse of discretion the imposition of a penalty under section 6673. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir. 1986).
 
 
 4
 The Commissioner's deficiency determinations are presumed correct, and the petitioner bears the burden of proving them incorrect in a tax court proceeding. Hokanson v. Commissioner, 730 F.2d 1245, 1249 (9th Cir. 1984). The petitioner is required to give clear and concise statements of the facts which support the assignments of error. 26 U.S.C. Sec. 7453; Tax Ct. R. 34(b)(4), (5).
 
 
 5
 On appeal, Ponthieux contends that (1) the Commissioner is not authorized to file a substitute return for him; (2) his income is not taxable because the form used to determine his deficiency applies only to "foreign insurers;" and (3) the Internal Revenue Service ("IRS") violated the Privacy Act, 5 U.S.C. Sec. 552(a), by requiring the companies which paid him income to file 1099 forms with the IRS.[1]
 
 
 6
 First, in the absence of a tax return, the Commissioner is authorized to independently calculate the tax owed, see Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir. 1988), and to prepare a substitute return for the taxpayer, see 26 U.S.C. Sec. 6020(b)(1). Accordingly, because Ponthieux failed to file a return for tax years 1990 and 1991, the Commissioner was authorized to prepare a substitute return for him. See Id.; Roat, 847 F.2d at 1381.
 
 
 7
 Second, the Internal Revenue Code ("Code") imposes a tax on income of United States citizens who reside in the United States and whose income is derived from domestic sources. See 26 U.S.C. Sec. 1(c); 26 U.S.C. Sec. 61; Grimes, 806 F.2d at 1453. Wages are income. Olson v. United States, 760 F.2d 1003, 1005 (9th Cir. 1985) (the argument that wages are not income is frivolous). Because Ponthieux admits that he resides in the United States and that he received the wages which were used to determine the deficiencies, Ponthieux's wages are income within the meaning of the Code, and he is subject to federal income tax. United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir. 1989); Grimes, 806 F.2d at 1453.
 
 
 8
 Third, Ponthieux's Privacy Act argument is explicitly precluded by section 7852(e) of the Code. 26 U.S.C. Sec. 7852(e) (the Privacy Act "shall not be applied, directly or indirectly, to the determination of the existence or possible existence of [tax] liability").[2]
 
 
 9
 Accordingly, the tax court correctly dismissed Ponthieux's petition for redetermination.[3] See 26 U.S.C. Sec. 7852(e); Roat, 847 F.2d at 1381; Olson, 760 F.2d at 1005.
 
 
 10
 Ponthieux also appeals the imposition of a $5,000 penalty pursuant to 26 U.S.C. Sec. 6673 for bringing a frivolous action in tax court. Because we agree with the tax court that Ponthieux's petition was frivolous, and because Ponthieux was warned that a penalty could be imposed against him, we find that the tax court did not abuse its discretion in imposing the penalty. See Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir. 1985) (per curiam).
 
 
 11
 The Commissioner requests that we impose a sanction against Ponthieux for bringing a frivolous appeal. We have the discretion to impose a penalty against a litigant as a sanction for bringing a frivolous appeal. 28 U.S.C. Sec. 1912; Fed. R. App. P. 38. "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox, 848 F.2d at 1009. Ponthieux's arguments are wholly without merit. In addition, he was warned by the tax court that his arguments were frivolous and could result in sanctions.
 
 
 12
 Accordingly, we grant the Commissioner's request for a sanction in the amount of $1,500.[4]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Ponthieux's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 On appeal, Ponthieux raises numerous new arguments to support his contention that he does not owe any federal income tax. Ponthieux argues that he does not owe taxes because the Internal Revenue Code does not define "income", that he does not owe taxes because he is a citizen of California, that he can only be taxed for activities that require a license and that only foreign earned income can be taxed. He also requests that an "affirmative defense" of fraud, duress, libel and slander be considered by this court. We decline to consider these issues for the first time on appeal. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir. 1985)
 
 
 [2]
 To the extent that Ponthieux is arguing that the tax court lacked jurisdiction over his petition, this contention is without merit. See Scar v. Commissioner, 814 F.2d 1363, 1366 (9th Cir. 1987)
 
 
 [3]
 Ponthieux appears to have abandoned his argument that he does not owe federal income tax because his 1040 form was not signed. Wilcox, 848 F.2d at 1008 ("arguments not raised in brief are deemed abandoned")
 
 
 [4]
 An order notifying Ponthieux of the Commissioner's request for sanctions and giving Ponthieux an opportunity to respond was filed on January 10, 1995 in accordance with Fed. R. App. P. 38