I concur in the opinion of the Court. I write specially to discuss the issue of when a *Page 114 
party to an arbitration agreement is entitled to a jury trial on questions that concern the "scope" of arbitrable issues.
The United States Supreme Court's mandate on this topic is clear:
 "[Supreme Court] cases of course establish that, in applying general state-law principles of contract interpretation to the interpretation of an arbitration agreement within the scope of the Act, see Perry v. Thomas, 482 U.S. 483, 493, n. 9, 107 S.Ct. 2520, 2527, n. 9, 96 L.Ed.2d 426 (1987), due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration."
Volt Info. Sciences v. Board of Trustees, 489 U.S. 468,109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). The United States Court of Appeals for the Eleventh Circuit has said:
 "[D]oubts [as to whether an issue is arbitrable or not] should be resolved in favor of arbitration, even if the result is piecemeal litigation. See Moses H. Cone [Memorial Hosp. v. Mercury Constr. Corp.], 460 U.S. [1] at 20, 103 S.Ct. [927] at 939 [(1983)]; [Dean Witter Reynolds v.] Byrd, 470 U.S. [213] at 218-21, 105 S.Ct. [1238] at 1241-43 [84 L.Ed.2d 158 (1985)]."
Kelly v. Merrill Lynch, Pierce, Fenner Smith, 985 F.2d 1067,1069 (11th Cir. 1993).
Parties and attorneys should be mindful that although "the right of trial by jury shall remain inviolate," that right is not applicable in all cases. Ala. Const., of 1901, § 11;Birmingham v. Evans, 293 Ala. 136, 300 So.2d 401 (1974) (constitutional right to trial by jury does not extend to violation of city ordinances); State v. Buckley, 54 Ala. 599
(1875) (right to jury trial does not apply to impeachment proceedings).
The federal courts approach the federal right to trial by jury in a similar manner. The Seventh Amendment right to a jury trial is not absolute and applicable to all disputes. SeeGranfinanciera, S.A. v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782,106 L.Ed.2d 26 (1989) (Congress may assign resolution of relevant claim to non-Article III adjudicative body that does not use jury as factfinder).
While the Eleventh Circuit Court of Appeals has not specifically ruled on this issue, other United States Circuit Courts have reinforced the policy of the Supreme Court.Matter of Texas General Petroleum Corp., 52 F.3d 1330 (5th Cir. 1995) (no right to jury trial arises if no jury issue is presented); Coleman v. Commissioner of Internal Revenue,791 F.2d 68 (7th Cir. 1986) (the Seventh Amendment does not require a jury trial where there are no facts in dispute); Kelly v.United States, 789 F.2d 94 (1st Cir. 1986) (right to jury trial exists only when there are factual issues to be resolved).
A long line of United States Supreme Court cases has established a strong federal policy in favor of arbitration. The United States Supreme Court has reversed the judgment of this Court, holding that the Federal Arbitration Act extends to the broadest reaches of Congress's power to regulate interstate commerce. This Court is in the initial stages of correcting this error pointed out by the United States Supreme Court. Therefore, I do not believe that this Court is presently prepared to adopt a broad policy that covers all future cases involving the scope of arbitration.