T.C. Memo. 2008-152

UNITED STATES TAX COURT

SAMUEL D. BATES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4010-06.                    Filed June 12, 2008.

     R determined deficiencies and penalties under sec.
6662, I.R.C., for 2001 and 2002.  The deficiencies and
sec. 6662, I.R.C., penalties were based on P's failure
to include Social Security benefits and the
disallowance of a deduction.

     <u>Held</u>:  R's determinations are sustained.

     <u>Held</u>, <u>further</u>, P is liable for a sec. 6673, I.R.C.,
penalty.

Samuel D. Bates, <u>pro</u> se.

<u>Alan E. Staines</u>, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, <u>Judge</u>:  After concessions by petitioner,[1] the issues for decision are:[2]

(1) Whether petitioner is entitled to a loss deduction of $1,999 for "Hotel Connect" for taxable year 2002;

(2) whether petitioner is liable for the section 6662 penalty in the amounts of $3 and $285 for taxable years 2001 and 2002, respectively;[3] and

(3) whether the Court should sua sponte impose a section 6673 penalty.

### FINDINGS OF FACT

Some of the facts have been stipulated by the parties.  The stipulations, with accompanying exhibits, are incorporated herein

---

[1]Petitioner conceded that his wife, Joyce M. Bates, received Social Security benefits of $8,739 and $8,824 for 2001 and 2002, respectively, which should have been included on their 2001 and 2002 joint Federal income tax returns.

[2]Respondent initially determined that petitioner was entitled to a sec. 6428 rate reduction tax credit of $205.50 but now indicates on brief that the correct amount of the credit is $393.50 for 2001.  Petitioner did not raise any issue with the credit.  As the credit is a computational adjustment that is based on petitioner's taxable income, it will be addressed in the Rule 155 computation.  See <u>infra</u> note 4.  The Court will not address this issue further.

[3]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

by this reference.  At the time the petition was filed, petitioner resided in Sacramento, California.

In 2001, petitioner's wife, Joyce M. Bates (Mrs. Bates), received $8,739 in Social Security benefits.  Respondent received petitioner's 2001 joint Form 1040, U.S. Individual Income Tax Return, on November 18, 2002.  That return, which was prepared by Melisa Coates (Ms. Coates), did not include Mrs. Bates's Social Security benefits, as petitioner did not provide any documentation regarding those benefits to Ms. Coates.  Respondent received petitioner's self-prepared joint amended Federal income tax return for 2001 on June 3, 2005.  On that return petitioner deleted his previously reported $27,577 of wages from Form W-2, Wage and Tax Statement, claiming that the amounts received were not "wages as defined in 3401(a) and 3121(a)" and also failed to include Mrs. Bates's Social Security benefits.

In 2002, Mrs. Bates received $8,824 in Social Security benefits.  Respondent received petitioner's 2002 joint Federal income tax return on October 16, 2003.  That return, prepared by Ms. Coates, did not include Mrs. Bates's Social Security benefits, as once again petitioner did not provide any documentation regarding those benefits to Ms. Coates.  The return included a deduction for an alleged partnership loss of $1,999 for "Hotel Connect".  Petitioner has no books, records, or documents that substantiate his "Hotel Connect" loss deduction.

Respondent also received petitioner's self-prepared 2002 joint amended Federal income tax return on June 3, 2005, and a second self-prepared 2002 joint amended return on August 22, 2005, both of which deleted petitioner's previously reported $46,097 of Form W-2 wages and failed to include Mrs. Bates's Social Security benefits.

On November 18, 2005, respondent mailed a notice of deficiency to petitioner and Mrs. Bates for their 2001 and 2002 taxable years, which reflected deficiencies and penalties pursuant to section 6662(b) for each taxable year.[4] Petitioner filed a timely petition that contained frivolous and meritless tax-protester arguments.[5]

---

[4]The notice of deficiency included items that were stricken when the Court, on May 21, 2007, granted respondent's Apr. 26, 2007, motion to dismiss for lack of jurisdiction and to strike, as to portions of the petition relating to partnership items of Security Plus, Ltd. and related affected items. As a result, a Rule 155 computation is required.

The Court notes that the notice of deficiency included a sec. 6651(a)(1) addition to tax for taxable year 2001. However, respondent never addressed the addition to tax at trial, having determined that it was de minimis after respondent's motion was granted. The sec. 6651(a)(1) addition to tax is deemed conceded by respondent.

[5]Petitioner focused his arguments on the lack of delegated authority to the person who issued and signed the notice of deficiency. It is well established that the Secretary or his delegate may issue notices of deficiency. Secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i); see Nestor v. Commissioner, 118 T.C. 162, 165 (2002).

On May 14, 2007, petitioner lodged a motion for summary judgment and supporting memorandum of law. Petitioner's motion and supporting memorandum were filed on May 21, 2007, the date of trial in San Francisco, California. Petitioner's motion and memorandum were voluminous documents containing only frivolous and meritless tax-protester arguments.[6] Respondent lodged an objection to petitioner's motion for summary judgment on May 18, 2007, which was filed on the date of trial. Also on the date of trial, petitioner filed a reply to respondent's objection, which contained frivolous and meritless tax-protester arguments. On May 22, 2008, the Court denied petitioner's frivolous motion for summary judgment.

---

[6]Petitioner expanded on his frivolous and meritless arguments regarding delegated authority, see supra note 5, to include frivolous and meritless challenges to the Internal Revenue Code generally and its applicability to him personally. All of petitioner's arguments are time-worn tax-protester arguments. See, e.g., United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir. 1989) ("For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens."); Olson v. United States, 760 F.2d 1003, 1005 (9th Cir. 1985) ("This court has repeatedly rejected the argument that wages are not income as frivolous."). The Court will not further address petitioner's arguments "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

OPINION

## I.   Petitioner's "Hotel Connect" Loss Deduction

As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, pursuant to section 7491(a), the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue."  The burden will shift only if the taxpayer has, inter alia, complied with substantiation requirements pursuant to the Internal Revenue Code and "cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews".  Sec. 7491(a)(2).  Petitioner did not raise the burden-of-proof issue, failed to comply with the substantiation requirements, and did not introduce any credible evidence. Accordingly, the burden of proof remains on petitioner.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any claimed deductions.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers must maintain records relating to their income and expenses and must prove their entitlement to all claimed

deductions, credits, and expenses in controversy. See sec. 6001; Rule 142(a); INDOPCO, Inc. v. Commissioner, supra at 84; Welch v. Helvering, supra at 115. Petitioner has no books, records, or documents that substantiate his "Hotel Connect" loss deduction. Accordingly, the Court concludes that petitioner is not entitled to the deduction.

## II.  Section 6662 Penalty

Under section 7491(c), respondent bears the burden of production with respect to petitioner's liability for the section 6662(a) penalty. This means that respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The Court concludes that respondent has met the section 7491(c) burden of production with respect to the section 6662 penalty for 2001 and 2002. As explained below, the Court concludes that petitioner was negligent.

Subsection (a) of section 6662 imposes an accuracy-related penalty of 20 percent of any underpayment that is attributable to causes specified in subsection (b). Among the causes justifying the imposition of the penalty are (1) negligence or disregard of rules or regulations and (2) any substantial understatement of income tax. Section 6662(c) defines negligence as "any failure to make a reasonable attempt to comply with the provisions of this title". Regulations promulgated under section 6662 provide

that "'Negligence' also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. * * * Negligence is strongly indicated where--(i) A taxpayer fails to include on an income tax return an amount of income shown on an information return". Sec. 1.6662-3(b)(1), Income Tax Regs. "[D]isregard" is defined to include "any careless, reckless, or intentional disregard". Sec. 1.6662-3(b)(2), Income Tax Regs. Under caselaw, "'Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

There is an exception to the section 6662(a) penalty when a taxpayer can demonstrate (1) reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c)(1). Regulations promulgated under section 6664(c) further provide that the determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs.

The notice of deficiency included the imposition of the section 6662(a) penalty for taxable years 2001 and 2002 on the

basis that petitioner was negligent in failing to include Mrs. Bates's Social Security benefits for each year and did not maintain adequate books and records to substantiate his "Hotel Connect" deduction. Petitioner admitted that he should have included his wife's Social Security benefits on their 2001 and 2002 joint Federal income tax returns and amended returns and that he did not have any records to substantiate the "Hotel Connect" deduction. Petitioner has not contended that the reasonable cause exception applies, and we do not see any evidence that it does. Accordingly, the Court concludes that petitioner is liable for the section 6662 penalty for taxable years 2001 and 2002.

III. Section 6673 Penalty

Section 6673(a)(1) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless. "A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

The Court may sua sponte impose a section 6673 penalty against a taxpayer. Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000). Courts have ruled that arguments to avoid tax

obligations and requirements, such as those arguments espoused by petitioner, are groundless and wholly without merit.  See Williams v. Commissioner, T.C. Memo. 1999-277 (imposing section 6673 penalty for tax-protester arguments); Morin v. Commissioner, T.C. Memo. 1999-240 (same); Sochia v. Commissioner, T.C. Memo. 1998-294 (same).

> Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants.  Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments.  Both appellants say that the penalties stifle their right to petition for redress of grievances.  But there is no constitutional right to bring frivolous suits, see Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983).  People who wish to express displeasure with taxes must choose other forums, and there are many available. * * * [Coleman v. Commissioner, supra at 72.]

Petitioner repeatedly raised frivolous and meritless tax-protester arguments in his petition, in his voluminous motion for summary judgment and memorandum of law in support of petitioner's motion for summary judgment, at trial, and on brief.  He did so in his most recently filed document despite being warned by the Court in an order dated September 6, 2007, that his arguments were frivolous and meritless and could warrant the imposition of the section 6673 penalty.  The Court concludes that a penalty is appropriate and therefore exercises its discretion sua sponte to impose upon petitioner a section 6673 penalty of $1,000 to be paid to the United States.  Although a greater penalty is

warranted, we exercise restraint in light of petitioner's cooperation in the stipulation process.

The Court has considered all of petitioners' contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered under Rule 155.