**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-17217 |
| Plaintiff-Appellee, | D.C. No. 1:17-cv-00187-DAD-EPG |
| v. | |
| MELBA FORD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Melba Ford appeals pro se from the district court's summary judgment for

the United States in its action to reduce to judgment federal income tax

assessments for tax years 1993, 2001, 2002, 2003, and 2005. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Hughes v. United States*, 953 F.2d

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

531, 541 (9th Cir. 1992). We affirm.

The district court properly granted summary judgment because the government submitted Forms 4340 for the relevant years, and Ford failed to raise a genuine dispute of material fact as to whether the tax and penalty assessments were invalid. *See Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997) (explaining that the IRS's deficiency determinations are entitled to the presumption of correctness unless the taxpayer submits competent evidence that the assessments were "arbitrary, excessive, or without foundation"); *Hughes*, 953 F.2d at 535 (absent contrary evidence, official certificates, such as a Form 4340, constitute proof of fact that assessments were actually and properly made); *Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir.1985) (explaining that the IRS may assess frivolous return penalties when a tax return is premised on a position that is frivolous under 26 U.S.C. § 6702).

The district court did not abuse its discretion by denying Ford's motion to vacate or amend the judgment because Ford failed to demonstrate any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for relief under Federal Rule of Civil Procedure 59(e) or 60(b)).

We reject as without merit Ford's contention that the district court erred by failing to take judicial notice of IRS procedural manuals. To the extent the district

2                                                                          18-17217

court failed to consider facts that were properly the subject of judicial notice, Ford was not prejudiced because the facts at issue, taken in the light most favorable to Ford, would not have defeated summary judgment.

We reject as without merit Ford's contentions that the district court violated her due process rights and erred by failing to strike her IRS filings from the record, failing to appoint counsel sua sponte, and holding her to "exacting evidentiary standards imposed on attorneys."

We do not consider Ford's renewed request for appointment of counsel set forth in her opening brief. In Docket Entry No. 23, this court denied Ford's motion for appointment of counsel and ordered that no motions for reconsideration, clarification, or modification of the denial shall be filed or entertained. To the extent Ford seeks reconsideration of the court's February 25, 2019 or June 26, 2019 orders, we do not consider the requests for reconsideration. *See* Docket Entry Nos. 8, 14.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All other pending motions and requests for relief are denied.

**AFFIRMED.**