**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHEILA ANN SMITH, | No.   22-70051 |
| Petitioner-Appellant, | IRS No.  1312-16L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

On Petition for Review of an Order of the
United States Tax Court

Submitted June 26, 2023**

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Sheila Ann Smith appeals pro se from the Tax Court's decision sustaining a

notice of federal tax lien to collect unpaid penalties for filing a frivolous tax return

for 2009, 2010, and 2011.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We

review de novo the Tax Court's conclusions of law de novo and for clear error its

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

factual findings. *DJB Holding Corp. v. Comm'r*, 803 F.3d 1014, 1022 (9th Cir. 2015). We affirm.

The Tax Court properly upheld the Commissioner's assessment of frivolous return penalties because Smith submitted purported returns that contained information indicating that the self-assessment of taxable income was substantially incorrect, *see* 26 U.S.C. § 6702(a)(1)(B), and that were premised on frivolous positions, *see id.* § 6702(a)(2)(A). *See Maisano v. United States*, 908 F.2d 408, 409 (9th Cir. 1990) (noting that this court has repeatedly rejected, as frivolous, variations of the "wages are not income" argument); *Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir. 1985); *see also Moore v. United States*, 36 F.4th 930, 935 (9th Cir. 2022), *amended on denial of reh'g en banc*, 53 F.4th 507 (9th Cir. 2022) (recognizing that Sixteenth Amendment exempts from the apportionment requirement the expansive category of "incomes, from whatever source derived"); *United States v. King Mountain Tobacco Co., Inc.*, 899 F.3d 954, 962 (9th Cir. 2018) (distinguishing income or property tax from an excise tax).

We do not consider issues not specifically raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Smith's request to withdraw her motion to vacate (Docket Entry No. 30) is granted. Smith's motion to vacate (Docket Entry No. 23) is deemed withdrawn.

**AFFIRMED.**