**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID GILMARTIN, | No. 22-70228 |
| Petitioner-Appellant, | Tax Ct. No. 21604-18 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted September 17, 2024**

Before:    WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

David Gilmartin appeals pro se from the Tax Court's order, following a

bench trial, upholding the Commissioner of Internal Revenue's determination of

income tax deficiencies, and imposing a penalty under 26 U.S.C. § 6673.  We have

jurisdiction under 26 U.S.C. § 7482(a)(1).  We review de novo the Tax Court's

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

legal conclusions and for clear error its factual determinations. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determination because the Commissioner presented "some substantive evidence" that Gilmartin failed to report income and Gilmartin did not submit any relevant evidence "showing that the deficiency was arbitrary or erroneous." *Id.* at 1004-05; *Grimes v. Comm'r*, 806 F.2d 1451, 1453 (9th Cir. 1986) ("There can be no doubt that the tax on income is constitutional" and "income includes gain derived from capital, from labor, or from both combined" (citation and internal quotation marks omitted)); *Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir. 1985) ("This court has repeatedly rejected the argument that wages are not income as frivolous").

The Tax Court did not abuse its discretion by imposing against Gilmartin a $5,000 penalty under 26 U.S.C. § 6673 for maintaining frivolous positions despite the Tax Court's warnings. *See Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993) (setting forth standard of review and concluding that the Tax Court was within its discretion in imposing penalties under § 6673 against taxpayer who pursued frivolous litigation following warning).

Gilmartin's motions for an extension of time to file a reply brief (Docket Entry Nos. 68, 70, 71) are denied as moot.

**AFFIRMED.**

22-70228