T.C. Memo. 2012-75

UNITED STATES TAX COURT

CATHERINE N. ALEXANDER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27671-09L.                    Filed March 20, 2012.

Catherine N. Alexander, pro se.

<u>Amy B. Ulmer</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>: Pursuant to sections 6320(c) and 6330(d), petitioner

seeks review of respondent's determination sustaining the filing of a Federal tax lien

to collect civil penalties imposed on account of her frivolous tax submissions for 2004, 2005, and 2007.[1]

### FINDINGS OF FACT

The parties have stipulated some facts. When she petitioned the Court, petitioner resided in Oregon.

Petitioner received wages and other income of $10,618 in 2004, $27,070 in 2005, and $7,582 in 2007, as reported to respondent on third-party payer information reports.

For 2004 petitioner timely filed a Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, reporting wages, salaries, and tips of $10,618 as indicated by attached Forms W-2, Wage and Tax Statement. On this Form 1040EZ, petitioner reported tax of $266 and, after claiming credit for $675 of tax withholdings, claimed a tax refund of $409.

On April 14, 2006, respondent received from petitioner a Form 1040X, Amended U.S. Individual Income Tax Return, for 2004, showing the "Correct amount" of her income to be zero. On the Form 1040X petitioner indicated on line 21, as the amount she owed, "N/A". She claimed as a refund the $266 of tax

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

that she had previously reported on her Form 1040EZ. In the "Explanation of Changes" on the Form 1040X she stated that she had "re-calculated my wages as defined in IRC sections 3401(a) and 3121(a) and determined the correct amounts to be 0." Attached to the Form 1040X were self-generated Forms 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. On these Forms 4852 petitioner purported to "correct" her Forms W-2 to show all items of income as zero, with the explanation "I calculated my wages as defined in IRC sections 3401(a) and 3121(a)."

Also on April 14, 2006, respondent received from petitioner Form 1040, U.S. Individual Income Tax Return, for her 2005 taxable year. On April 20, 2008, respondent received from her a Form 1040 for her 2007 taxable year. On these Forms 1040, as on her 2004 Form 1040X, petitioner listed zero for every income item and claimed refunds for all tax withholdings. Attached to these Forms 1040 were self-generated Forms 4852 purporting to "correct" her Forms W-2 to show all items of income as zero for the same reasons as stated on the Forms 4852 attached to her 2004 Form 1040X.

For each year at issue, respondent sent petitioner a letter stating that her return was frivolous and warning her that a frivolous-return penalty might be imposed under section 6702 if she failed to correct her position within 30 days. Petitioner did not file any corrected return. Pursuant to section 6702 respondent assessed against petitioner a $500 penalty for each of the tax years 2004 and 2005 and a $5,000 penalty for 2007.

On May 12, 2009, respondent mailed petitioner a Letter 3172, Notice of Federal Tax Lien and Your Right to a Hearing Under IRC 6320. On June 9, 2009, petitioner filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting a face-to-face hearing and stating that "I did not earn income from wages nor did I earn income from a trade or business during the CDP years. I accurately corrected erroneous third party information and included the correct data in my return documents." On August 7, 2009, respondent's settlement officer sent petitioner a letter acknowledging receipt of petitioner's request for a collection due process (CDP) hearing and stating that she had determined petitioner's contentions to be frivolous or reflecting a desire to impede the administration of tax laws. The letter advised petitioner to amend her hearing request by stating a legitimate issue and withdrawing all frivolous issues.

In a letter to the settlement officer dated September 4, 2009, petitioner stated that she was withdrawing her request for a face-to-face CDP hearing; she requested a hearing by correspondence. This letter also stated that petitioner was withdrawing all positions classified by respondent as frivolous or groundless. But contrary to this representation, the amended Form 12153 that petitioner attached to this letter contained a laundry list of frivolous and groundless arguments, including arguments that the Forms W-2 that her employers issued to her were invalid because these employers were not "valid payer[s]", inasmuch as they were not "identified as employers paying wages subject to withholding * * * nor * * * among those identified as employers providing employment for wages subject to the Federal Insurance Contributions Act (FICA) taxes". In letters to the settlement officer dated September 24 and 25, 2009, petitioner made additional frivolous and groundless arguments.

On October 19, 2009, respondent mailed petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the notice of Federal tax lien on the grounds that she raised only frivolous issues and did not present any information that would warrant a withdrawal of the notice of Federal tax lien.

## OPINION

The only issue petitioner has raised in this proceeding is her underlying liability for the civil penalties that respondent assessed pursuant to section 6702. Respondent concedes that because petitioner had no prior opportunity to dispute these penalties, she is entitled to challenge them in this proceeding. See secs. 6320(c), 6330(c); Thornberry v. Commissioner, 136 T.C. 356, 366-367 (2011). Respondent also acknowledges that he has the burden of proof with respect to these penalties. See sec. 6703(a); Thornberry v. Commissioner, 136 T.C. at 367.

Before enactment of the Tax Relief and Health Care Act of 2006 (TRHCA), Pub. L. No. 109-432, div. A, sec. 407(a), 120 Stat. at 2960 (effective December 20, 2006), section 6702(a) imposed a $500 penalty on any individual if these three conditions were met: (1) the individual filed a purported income tax return; (2) the purported return lacked information needed for the Commissioner to judge the substantial correctness of the self-assessment or contained information that on its face indicated that the self-assessment was substantially incorrect; and (3) the individual's conduct in this regard was due to "a position which is frivolous" or a desire to delay or impede the administration of Federal income tax laws.

TRHCA amended section 6702 to increase the penalty from $500 to $5,000 and broadened its application to purported returns of all types of Federal tax

imposed under the Internal Revenue Code.  In addition, the third condition

described above, asking whether the individual's conduct was based on "a position

which is frivolous", was amended to refer instead to "a position which the Secretary

has identified as frivolous" under new section 6702(c), which authorized the

Secretary to prescribe a list of positions identified as frivolous for this purpose.

These TRHCA amendments are effective for submissions made and issues raised

after the date on which the Secretary first prescribed such a list.  TRHCA sec.

407(f), 120 Stat. at 2962.  On March 15, 2007, the Commissioner prescribed his list

of frivolous positions and submissions for purposes of section 6702(c).  Notice

2007-30, 2007-1 C.B. 883; I.R.S. News Release IR-2007-61 (Mar. 15, 2007)

(stating that "The Internal Revenue Service today issued guidance" in Notice 2007-

30 identifying frivolous positions).[2]

Petitioner's Form 1040X for 2004, as well as her Forms 1040 for 2005 and

2007, all of which she submitted in an effort to obtain tax refunds, purported to be

income tax returns.  See Olson v. United States, 760 F.2d 1003, 1005 (9th Cir.

1985) ("Because a taxpayer may not obtain a refund without first filing a return,

---

[2]The list was revised in Notice 2008-14, 2008-1 C.B. 310, effective for submissions made between January 15, 2008, and April 7, 2010.  See Notice 2010-33, 2010-17 I.R.B. 609, 612.  Notice 2007-30, supra, remains in effect for submissions made between March 16, 2007, and January 14, 2008.  Notice 2008-14, 2008-1 C.B. 310, 313.

26 C.F.R. § 301.6402-3(a)(1), the form filed by * * * [the taxpayer] should be construed to be a 'purported' return."). Each of these purported returns, showing zeros for all income items and accompanied by self-generated Forms 4852 on which petitioner purported to "correct" Forms W-2 issued by third-party payers, lacked information by which the substantial correctness of the self-assessment could be determined.[3] See id.; Cabirac v. Commissioner, 120 T.C. 163, 169 (2003); see also Bradley v. United States, 817 F.2d 1400, 1403-1404 (9th Cir. 1987) (discussing factors to be considered in determining that a taxpayer's submission to the Internal Revenue Service purported to be a tax return for purposes of imposing a frivolous-return penalty).

---

[3]On brief petitioner cites United States v. Long, 618 F.2d 74 (9th Cir. 1980), which held that a form containing only zeros constituted a return for purposes of criminal penalties under sec. 7203 for willful failure to file an income tax return. Cf. Oman v. Commissioner, T.C. Memo. 2010-276 n.11 (noting that the position of the Court of Appeals in Long is contrary to the positions of several other Courts of Appeals that have considered the issue). Petitioner's reliance on Long is misplaced. The instant case does not involve criminal penalties under sec. 7203 but civil penalties under sec. 6702. The questions presented by these different types of penalties are "distinct". United States v. Kimball, 925 F.2d 356 (9th Cir. 1991). Moreover, unlike the taxpayer in Long, but like the taxpayer in Olson v. United States, 760 F.2d 1003 (9th Cir. 1985), petitioner did not merely submit purported returns containing zeros but also submitted with these purported returns self-generated Forms 4852 indicating variance between the zero income reported on the purported returns and the income reported on her Forms W-2.

Because the purported returns for 2004 and 2005 were submitted before March 16, 2007, the pre-TRHCA version of section 6702(a) applies for these years and requires that petitioner's conduct be based on a position that was frivolous. "This Court and others have repeatedly characterized returns reflecting zero income and zero tax as frivolous." Grunsted v. Commissioner, 136 T.C. 455, 460 (2011) (and cases cited threat); see also Olson v. United States, 760 F.2d at 1005. Petitioner's position, as indicated on the face of her 2004 Form 1040X and on each of the self-generated Forms 4852 that she attached to her purported return for each year at issue, was that she had recalculated her wages to be zero on the basis of sections 3121(a) and 3401(a). As amplified by her submissions to the settlement officer, her position seemed to be that her Forms W-2 were invalid because her employers were not "valid payer[s]" because they were not "identified as employers paying wages subject to withholding * * * nor * * * among those identified as employers providing employment for wages subject to the Federal Insurance Contributions Act (FICA) taxes". Viewed charitably, petitioner's argument might be construed to be that she was an independent contractor rather than an employee, so that her Forms W-2 improperly listed as wages amounts that were more properly characterized as independent contractor fees. But even if petitioner were an independent contractor (a matter as to which petitioner has

offered no evidence), the amounts received would nevertheless be income. See sec. 61(a)(1). Her zero returns are inconsistent with any good-faith belief that she is an independent contractor. We conclude that petitioner's zero returns were based on frivolous positions. See Lindberg v. Commissioner, T.C. Memo. 2010-67.

Petitioner submitted her Form 1040 for 2007 on April 20, 2008, after the publication of Notice 2007-30, supra. Consequently, for 2007 we apply the version of section 6702(a) as amended by TRHCA and ask whether petitioner's conduct was based on a position identified as frivolous in that notice. The answer is yes. Notice 2007-30, 2007-1 C.B. at 884, identifies positions as frivolous if they are the same as or similar to the position, among others, that a taxpayer may "elect to file a tax return reporting zero taxable income and zero tax liability even if the taxpayer received taxable income during the taxable period for which the return is filed".

Respondent has carried his burden of proving that petitioner is liable for the section 6702 penalties assessed for 2004, 2005, and 2007. In reaching this conclusion, we have considered and reject as meriting no further discussion various frivolous and groundless arguments that petitioner has made in her posttrial brief in an attempt to challenge her underlying liability.

Neither in her petition or at any other point in this proceeding has petitioner properly raised any issue other than her underlying liability for the section 6702 penalties. We deem petitioner to have waived all other issues. See Rule 331(b)(4) (the petition must contain clear and concise assignments of each and every error which the petitioner alleges to have been committed in the notice of determination, and any issue not raised in the assignments of error shall be deemed conceded); Lunsford v. Commissioner, 117 T.C. 183, 187 (2001). In any event, from our review of the record we are satisfied that respondent has satisfied the requirements of sections 6320 and 6330. Consequently, we shall sustain respondent's determinations with respect to the collection of the section 6702 penalties for 2004, 2005, and 2007.

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty of up to $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceedings is frivolous or groundless. Respondent has not asked that we impose a section 6673 penalty. We strongly warn petitioner that she may be subject to a section 6673 penalty, even upon the Court's own motion,

if she persists in maintaining proceedings in this Court primarily for delay or continues to press frivolous arguments.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.