T.C. Memo. 2012-117

UNITED STATES TAX COURT

ISANG E. UMOREN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28284-10L.                    Filed April 23, 2012.

Isang E. Umoren, pro se.

William John Gregg, for respondent.

MEMORANDUM OPINION

CARLUZZO, Special Trial Judge:  Petitioner's 2006 Federal income tax

return, filed March 9, 2007, on a Form 1040, U.S. Individual Income Tax Return,

with the word "Amended" handwritten across the top of the document shows a

negative amount as adjusted gross income, no taxable income, and no Federal

income tax liability (March 9 return). On its face, the March 9 return suggests that it was self-prepared; according to petitioner it was prepared by a paid income tax return preparer. As relevant here, the March 9 return shows $99 of Federal income tax withholdings; $412,189 of estimated tax payments; and $105 million identified as payments from a Form 2439, Notice to Shareholder of Undistributed Long-Term Capital Gains,[1] included with that return. Taking into account the above-listed items, the March 9 return shows $105,412,288 as the amount of petitioner's income tax overpaid for 2006 and includes his refund claim in the same amount. None of the amounts shown as tax payments on the March 9 return were actually paid, and no income tax refund has been issued to petitioner in response to his claim.

On July 6, 2007, petitioner submitted a self-prepared Form 1040X, Amended U.S. Individual Income Tax Return, for 2006 (July 6 return). The July 6 return shows adjusted gross income of $215,305, no taxable income, and no income tax liability. The July 6 return also shows $90,000 of unidentified, or otherwise unrecognizable as refundable, "credits"; $45,212 of Federal income tax withholding; estimated tax payments of $959; and a $124 earned income credit. Taking into

---

[1] On the Form 2439 included with the March 9 return petitioner reports $639,812,004,469 of undistributed long-term capital gains (a number that represents approximately 4.7% of the 2006 U.S. gross domestic product).

account the above-listed items, on the July 6 return petitioner shows $123,354 as the amount of tax overpaid and claims a refund for that amount. Nothing in the record suggests that petitioner is entitled to any of the credits claimed on the July 6 return. None of the amounts shown as tax payments on the July 6 return were actually paid, and no income tax refund has been issued to petitioner in response to his claim for refund made on that return.

All told, respondent's records show that petitioner submitted no less than 8 and possibly as many as 15 documents purporting to be 2006 tax returns.[2]

In notices dated December 15, 2007, and February 20, 2008, each titled "Computation and Assessment of Miscellaneous Penalties", respondent advised petitioner that a $5,000 section 6702(a) frivolous return penalty had been assessed against him for each of the March 9 and July 6 returns (underlying liabilities).[3]

---

[2]The exact number cannot be determined from respondent's records because some entries showing that a return had been received might refer to the same document.

[3]Sec. 6702 was amended by the Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, div. A, sec. 407(a), 120 Stat. at 2960. As relevant here and among other things, the amendments increased from $500 to $5,000 the penalty imposed for frivolous returns filed after March 15, 2007. Because the amendments were not yet effective at the time the March 9 return was filed, respondent incorrectly assessed a $5,000 penalty for the filing of that return. We proceed as though the appropriate amount, that is, $500, is in issue with respect to the March 9 return.

Respondent's efforts to collect the underlying liabilities included the filing of a notice of Federal tax lien (NFTL). By letter dated June 2, 2009, respondent timely notified petitioner of that event and advised him of his right to request an administrative hearing, which he did. See sec. 6320(a) and (b).

In his request for an administrative hearing, as in this case, petitioner disputes the existence or the amount of the underlying liabilities; he did not and does not request a collection alternative to the NFTL. According to respondent's administrative record, petitioner did not appear at the administrative hearing scheduled by respondent's settlement officer, a point not disputed by petitioner. In a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated November 29, 2010 (notice), respondent determined that the NFTL is an appropriate collection action with respect to the underlying liabilities. In his timely petition filed in response to the notice, petitioner challenges that determination. Our jurisdiction in this matter is established in section 6330(d).

The issue before the Court is whether petitioner is liable for the underlying liabilities here in dispute, and we consider, de novo, the extent to which he is. See Callahan v. Commissioner, 130 T.C. 44, 49 (2008); Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Blaga v. Commissioner, T.C. Memo. 2010-170.

## Discussion

We begin by noting that the evidence demonstrates respondent's compliance with his obligations under the relevant provisions of section 6320 and/or section 6330, and but for petitioner's challenge to the underlying liabilities, petitioner does not claim otherwise. See Hoyle v. Commissioner, 131 T.C. 197, 199-200 (2008). Furthermore, because petitioner has not made a request for a collection alternative to the NFTL either at the administrative hearing or in this proceeding, we need not consider whether he is entitled to one. See Giamelli v. Commissioner, 129 T.C. 107, 113 (2007). That being so, we turn our attention to the March 9 return and the July 6 return (disputed returns) and consider whether either one is a return described in section 6702(a).

Section 6702(a) makes a taxpayer liable for a penalty if, as relevant here: (1) the taxpayer files what purports to be a Federal tax return containing "information that on its face indicates that the self-assessment is substantially incorrect", and (2) the filing of the purported return reflects the taxpayer's "desire to delay or impede the administration of Federal tax laws". Sec. 6702(a)(1)(B), (2)(B). Respondent bears the burden of proving petitioner's liability for the section 6702(a) penalties here in dispute. See sec. 6703(a); Alexander v. Commissioner, T.C. Memo. 2012-75.

Little more than a review of the disputed returns shows that respondent's burden has been satisfied with respect to the first condition noted above. Each of the disputed returns is a document that purports to be a Federal income tax return, a point confirmed by petitioner. There is a huge refund claimed on each of the disputed returns even though there is no credible document attached to either return that shows petitioner's entitlement to a refund. Weighing the enormity of each refund claim against the absence of any document submitted with either return demonstrating that any income tax had actually been paid completely undermines the reliability of all of the other information shown on each of the disputed returns to an extent sufficient to find that the "self-assessment" resulting from the filing of each return "is substantially incorrect" within the meaning of section 6702(a)(1). See Kahn v. United States, 753 F.2d 1208, 1213 (3d Cir. 1985).

A finding that petitioner filed both the disputed returns with the "desire to delay or impede the administration of Federal tax laws" is not so summarily made. Petitioner's intent at the time he submitted the documents must be taken into account. An individual's intent is seldom established by direct evidence; more often than not, a person's intent is inferred after the facts and circumstances surrounding the event in question are considered. See Dean v. Commissioner,

57 T.C. 32, 43-44 (1971). To the extent that the record includes any direct evidence on the point, the evidence consists of petitioner's testimony.

According to petitioner, the enormous refunds claimed on the disputed returns were attempts to collect debts owed to him by the United States and others. Assuming, without finding, that petitioner is not well versed in matters of Federal tax administration or creditor's rights (there is no evidence in the record on the points), we find it totally inconceivable that an individual, in good faith, could expect to collect debts from the United States or other third parties[4] through refund claims made on a Federal income tax return. Petitioner's explanation is rejected, and we look to other evidence in the record for the reason or reasons that he filed the disputed returns.

Respondent's records show that petitioner incurred a Federal income tax liability in 2006, albeit a modest one. That liability apparently was assessed upon the basis of an income tax liability petitioner reported on one or more of the many 2006 Federal income tax returns filed that year. The many returns that petitioner submitted for 2006, including each of the disputed returns, in and of themselves were impedimenta that delayed the assessment and collection of that liability.

---

[4]The record contains no corroborative evidence to support petitioner's claim that he was owed a debt by the United States at the time the disputed returns were filed.

The information reported on those many returns, including the disputed returns, is not consistent. Petitioner has failed to explain the inconsistencies, which can hardly be reconciled from a review of the documents. Petitioner's failure to provide a credible, rational explanation for the filing of those many returns, including the disputed returns, leads us to conclude that he filed those returns either to obscure his correct 2006 Federal income tax liability or, at least with respect to the disputed returns, to obtain refunds to which he is clearly not entitled. Either way, we find that the filing of each of the disputed returns reflects petitioner's desire to delay or impede the administration of Federal tax laws within the meaning of section 6702(a)(2)(B).

It follows that petitioner is liable for a section 6702(a) penalty for each of the disputed returns.

To reflect the foregoing,

Decision will be entered

for respondent.