# United States Tax Court

160 T.C. No. 7

SRBISLAV B. STANOJEVICH,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 4984-17L.                                    Filed April 10, 2023.

————

P, in his capacity as the trustee of a grantor-type trust (T), filed frivolous income tax returns for T for 2009 through 2012. R assessed an I.R.C. § 6702(a) frivolous return penalty against P for each year and later filed a Notice of Federal Tax Lien (NFTL) as to the penalties. P challenges the lien filing in this collection due process case, asserting primarily that he is not liable for the penalties because they stem from the income tax returns of another taxpayer.

*Held*: P is liable for the penalties because I.R.C. § 6702(a) imposes a penalty on a "person [who] files what purports to be a return of a tax imposed by this title," and P's filing of the frivolous returns on behalf of T falls within the meaning of that provision.

*Held, further*, the NFTL filing is sustained.

————

Srbislav B. Stanojevich, pro se.

*Alexander N. Martini* and *John T. Arthur*, for respondent.

OPINION

KERRIGAN, *Chief Judge*: Respondent seeks summary adjudication in this collection due process (CDP) case commenced pursuant to sections 6320(c) and 6330(d)(1).[1] The relevant collection actions were initially a proposed levy for 2015 and the filing of a Notice of Federal Tax Lien (NFTL) for 2009–12 (subject years). This case became moot as to 2015 after the Internal Revenue Service (IRS) Office of Appeals[2] determined in a Supplemental Notice of Determination Concerning Collection Actions(s) under Section 6320 and/or 6330 (supplemental notice) that no balance is due for 2015 and that a levy for that year would therefore be inappropriate.[3] Appeals determined in both the Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 of the Internal Revenue Code (notice of determination) and the supplemental notice that the NFTL filing was proper as to the subject years.

The NFTL filing stems from respondent's determination that petitioner filed frivolous income tax returns for the subject years and is liable for $5,000 for each year in penalties imposed under section 6702(a). Petitioner filed those returns on behalf of a trust, the Source Financial Trust (SFT), in his capacity as the trustee.[4] Petitioner argues that he is not liable for the penalties because they relate to the income tax returns of another taxpayer, SFT. Petitioner further argues that Appeals should not have upheld the NFTL filing because Appeals has not met the verification requirement under sections 6320(c) and 6330(c)(1) and (3). We disagree with petitioner's arguments and sustain

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019). We will use the name in effect at the times relevant to this case, i.e., the Office of Appeals or Appeals.

[3] Given that 2015 and a proposed levy are no longer at issue, we hereinafter limit our discussion to the subject years and the NFTL filing.

[4] Respondent disputes that SFT should be characterized as a valid trust for Federal tax purposes but asks the Court to treat SFT as a valid trust for purpose of our deciding the motion at hand. We will do so.

respondent's determination that the NFTL filing was proper as to the subject years.

*Background*

The following facts are based upon the parties' pleadings, Motion papers, Declarations, and attached Exhibits, which include the administrative record of the CDP proceeding. *See* Rule 121(b). These facts are stated solely for the purpose of ruling on respondent's Motion and not as findings of fact. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

Petitioner resided in Florida when his Petition was timely filed. In January 2013, petitioner submitted a request to the IRS for an employer tax identification number (EIN) for SFT. Petitioner represented that SFT was a grantor-type trust and that he was SFT's trustee. The IRS assigned an EIN to SFT on January 15, 2013. Petitioner later filed with the IRS a Form 1041, U.S. Income Tax Return for Estates and Trusts, for each subject year. Petitioner filed those returns on behalf of SFT. He reported on the returns that he was SFT's trustee and signed the returns as SFT's "Authorized Representative."

The respective returns for the subject years reported interest income (and SFT's total and taxable income) of $40,709, $48,096, $57,091, and $58,176. Each return also reported that SFT had federal income tax withheld in an amount equal to the amount of the interest/total taxable income reported on the return, that SFT's "[t]otal tax" for the year was zero, and that SFT was entitled to receive an overpayment equal to the amount of the withheld tax. The returns included as attachments various Forms 1099 that petitioner had prepared and that reported payments to and from SFT. Some of the Forms 1099 also reported the amounts of withheld federal income tax that the returns reported were withheld federal income tax.

The IRS determined that the Forms 1099 were false and that each income tax return was "frivolous" for purposes of section 6702(a). Eventually, pursuant to section 6702(a), respondent assessed against petitioner a penalty of $5,000 for each subject year. Forms 8278, Assessment and Abatement of Miscellaneous Civil Penalties, show that before the assessments, an "Originator" with the IRS had proposed the penalties and that the proposed penalties were approved by the supervisor.

The IRS sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. In response petitioner completed a Form 12153, Request for a Collection Due Process or Equivalent Hearing. A settlement officer with Appeals held the requested CDP hearing with petitioner. Later, on January 26, 2017, Appeals issued to petitioner a notice of determination sustaining the NFTL filing.

Petitioner timely petitioned the Court as to the notice of determination. We remanded this case to Appeals for the purpose of clarifying the determinations with respect to verification requirements of section 6330(c)(1) for the section 6702 assessments. The same settlement officer held a second CDP hearing with petitioner and issued the supplemental notice upholding the NFTL filing. Before issuing the supplemental notice, the settlement officer reviewed IRS transcripts and other computer records showing as to the penalties that a notice and demand, an NFTL filing, and a notice of a right to a CDP hearing were issued to petitioner. She also verified for each subject year that assessments of the penalties were properly made pursuant to sections 6201 and 6751(b)(1) and that the penalties had not been fully paid.

*Discussion*

I.     *Summary Judgment Standard*

Summary adjudication is intended to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *See Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). We may decide a case through summary adjudication when the record shows that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. *See* Rule 121(b); *Sundstrand Corp.*, 98 T.C. at 520. Summary adjudication requires that we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *See Sundstrand Corp.*, 98 T.C. at 520. The nonmoving party may not rest upon mere allegations or denials in his pleadings, but must set forth specific facts demonstrating that a genuine dispute exists for trial. *See* Rule 121(d); *Sundstrand Corp.*, 98 T.C. at 520.

II.    *Section 6320*

Section 6320 requires the Commissioner to notify a taxpayer of the filing of an NFTL. The notice must inform the taxpayer of his or her right to a CDP hearing on the propriety of the filing. *See* § 6320(a)(3)(B).

In a section 6320 CDP hearing, taxpayers may raise any relevant issue or request the consideration of a collection alternative. *See* §§ 6320(c), 6330(c)(2)(A). An issue is not properly raised at the CDP hearing if the taxpayer fails to request consideration of that issue by the settlement officer or if the taxpayer requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. *See* Treas. Reg. § 301.6320-1(f)(2), Q&A (F)(3). A taxpayer may challenge the existence or amount of the underlying tax liability only if he or she did not receive a notice of deficiency or otherwise have a previous opportunity to dispute the liability. *See* §§ 6320(c), 6330(c)(2)(B).

III.    *Standard of Review*

Where the validity of a taxpayer's underlying liability is properly at issue, we review that liability de novo. *See Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). In all CDP cases, we review any other determination by Appeals for abuse of discretion. *See Goza*, 114 T.C. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

IV.    *Analysis*

The parties dispute whether petitioner is liable for the section 6702(a) penalties that respondent determined with respect to the income tax returns petitioner filed for SFT for the subject years. This dispute addresses the existence or amount of the underlying liabilities. Petitioner neither received a notice of deficiency nor otherwise had a previous opportunity to challenge that liability; therefore, we decide that dispute on the basis of a de novo scope and standard of review.

Respondent argues that petitioner did not properly challenge his underlying liabilities at the CDP hearings. If true that would mean that we could decline to consider that issue in this proceeding. *See Giamelli v. Commissioner*, 129 T.C. 107, 113–15 (2007). But we disagree. The record establishes that during the CDP hearings petitioner made the same argument that we now consider: that he is not liable for the penalties because the returns to which they relate are not his personal returns.

Section 6702(a) provides that "[a] person shall pay a penalty of $5,000 if . . . such person files what purports to be a return of a tax imposed by this title" and the other requirements under section

6702(a)(1)(A) or (B) and section 6702(a)(2) (other requirements for a section 6702(a) penalty) are met.[5] Respondent bears the burden of proving that petitioner is liable for the determined section 6702(a) penalties. *See* § 6703(a). The burden, however, does not come into play to the extent that we decide an issue of law such as the meaning of the statute. *See Pei Fung Guo v. Commissioner*, 149 T.C. 334, 336 (2017).

Our analysis of the parties' dispute starts with the text of section 6702(a). *See Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002). We interpret that text by giving each undefined word its plain, obvious, and rational meaning when construed in the light of the statute as a whole. *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991); *see Smith v. United States*, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, [a court] normally construe[s] it in accord with its ordinary or natural meaning."). Absent absurd, unreasonable, or futile results, there is "no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940).

The parties do not challenge that the text of section 6702(a)(1) and (2), which sets forth the other requirements for a section 6702(a) penalty, may be applied exactly as it reads. Nor do we. We look to the face of the filed SFT income tax returns to decide whether those other requirements for a section 6702(a) penalty have been met. *See Callahan v. Commissioner*, 130 T.C. 44, 51 (2008). We find on our reading of SFT's filed returns that each return meets those requirements.

First, each return "does not contain information on which the substantial correctness of the self-assessment may be judged" and

---

[5] In full, section 6702(a) provides:

(a) Civil penalty for frivolous tax returns.—A person shall pay a penalty of $5,000 if—

    (1) such person files what purports to be a return of a tax imposed by this title but which—

        (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

        (B) contains information that on its face indicates that the self-assessment is substantially incorrect, and

    (2) the conduct referred to in paragraph (1)—

        (A) is based on a position which the Secretary has identified as frivolous under subsection (c), or

        (B) reflects a desire to delay or impede the administration of Federal tax laws.

"contains information that on its face indicates that the self-assessment is substantially incorrect." *See* § 6702(a)(1). Each return reports that SFT is recognizing a significant amount of taxable interest income as SFT's only source of income and that the amount of the interest income equals the amount of SFT's taxable income and withheld Federal income tax.

Each return claims that SFT is entitled to a refund of the full amount of the reported withheld tax (which, again, is the same amount as the amount of SFT's interest/taxable income) because, as the return reports, no tax is imposed on SFT's taxable income. We cannot comprehend from reading the SFT returns as filed how no tax could be self-assessed on SFT's reported taxable income and how SFT could be entitled to a refund equal to the amount of its reported taxable income. The information reported on the returns, as we understand it, also indicates that each self-assessment is "substantially incorrect" within the context of section 6702(a)(1)(B).

Second, we conclude from reading the returns that each return "is based on a position which the Secretary has identified as frivolous." *See* Notice 2010-33, § III(22), 2010-17 I.R.B. 609, 611 (identifying as "frivolous" for purpose of section 6702 a "claim on an income tax return or purported return an amount of withheld income tax . . . that is obviously false because it . . . is disproportionately high in comparison with the income reported on the return or information on supporting documents filed with the return").

In our view the filing of each return merely "reflects a desire to delay or impede the administration of Federal tax laws." Whether petitioner believes that SFT's returns as filed are correct is of no concern. We find that if a return reflects a position that the IRS has identified as "frivolous" for purpose of a section 6702(a) penalty, then the taxpayer's belief in the correctness of his position cannot serve as a defense to the penalty. *See Hudson v. United States*, 766 F.2d 1288, 1291 (9th Cir. 1985) (per curiam).

As to the remaining requirement, that the "person files what purports to be a return of a tax imposed by this title," we conclude that the meaning of that text is clear because the words are either unambiguously defined by Congress or unambiguous in and of themselves. *See* § 6702(a). Petitioner and SFT are each "person[s]" under the definition that Congress has given that word for purposes of interpreting a Code provision. That definition when applied here is "not

otherwise distinctly expressed or manifestly incompatible with the intent thereof." *See* § 7701(a)(1) ("When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof . . . [, t]he term 'person' shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation."); *cf.* § 7701(a)(14) (defining the word "taxpayer" more narrowly as "any person subject to any internal revenue tax").[6]

Each of SFT's returns, given in part that they were filed on Forms 1041, "purports to be a return of a tax imposed by this title." *See* § 6702(a)(1). To that end, the Code provides that income tax may be imposed on the income of a trust, *see* § 641 (setting forth rules on the imposition of income tax with respect to a trust), and requires that a trust such as SFT, through its fiduciary, file an annual return reporting its income and its corresponding self-assessed income tax, *see* § 6012(a)(4) ("Returns with respect to income taxes under subtitle A shall be made by . . . [e]very trust having for the taxable year any taxable income, or having gross income of $600 or over, regardless of the amount of taxable income . . . .").

The Treasury Regulations also require that a trustee use Form 1041 to make and file any income tax return for the trust. *See* Treas. Reg. § 1.6012-3(a)(1) (stating that a "fiduciary . . . must make a return of income on form 1041" if such a return is required to be filed).[7] We conclude that each SFT return was filed purporting to be a return of a tax imposed by this title. *See Alexander v. Commissioner*, T.C. Memo. 2012-75, slip op. at 7. "Because a taxpayer may not obtain a refund without first filing a return, 26 C.F.R. § 301.6402-3(a)(1), the form filed by * * * [the taxpayer] should be construed to be a 'purported' return" for purposes of section 6702(a). *See Alexander*, T.C. Memo. 2012-75, slip op. at 7–8 (quoting *Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir. 1985)).

---

[6] We do not read section 6671(b) to limit the term "person" in the case of a section 6702(a) penalty to certain officers or employees of a corporation, or to certain members or employees of a partnership. *See* § 7701(c) ("The terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined."); *see also Crites v. Commissioner*, T.C. Memo. 2012-267, at *7–8.

[7] In certain cases, a trustee is not required to file Form 1041 to meet the reporting requirements for the trust. *See* Treas. Reg. § 1.671-4. The record at hand does not establish that this is one of those cases.

We now need to determine whether a taxpayer may be assessed a section 6702(a) penalty for filing a frivolous return that is not his personal return. We read section 6702(a) to answer that question in the affirmative. We read nothing in section 6702 that conditions the applicability of section 6702(a) on a person's filing of his or her personal income tax return. In fact section 6012(b)(4) points to our contrary reading through its mandate that the return of a trust "shall be made by the fiduciary thereof," or in other words, by its trustee. *See also* § 7701(a)(6) (defining the term "fiduciary" as a "trustee . . . or any person acting in any fiduciary capacity for any person").

The fact that Congress has directly placed on a trustee the duties and responsibilities associated with the filing of the trust's income tax return supports our conclusion that Congress considered it appropriate also to impose section 6702(a) liability on a trustee who files a frivolous income tax return on behalf of the trust. Nor is such a conclusion absurd or unreasonable, and it does not produce a futile result either.[8]

We hold that petitioner, as the trustee/fiduciary of SFT, was responsible for the filing of SFT's income tax returns for the subject years. Given that he was in fact the one who actually did file those returns, he is also the one who may properly be subject to a penalty under section 6702(a). We sustain respondent's determination that petitioner is liable for the section 6702(a) penalties that respondent determined in the supplemental notice.

V.    *Abuse of Discretion*

Appeals is required to (1) properly verify that the requirements of applicable law and administrative procedure have been met, (2) consider any relevant issues that the taxpayer raised, and (3) consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the [taxpayer] that any collection action be no more intrusive than necessary." §§ 6320(c),

---

[8] We also are mindful that unequivocal evidence of a clear legislative intent could arguably lead to a different result. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980); *see also Blue Lake Rancheria Econ. Dev. Corp. v. Commissioner*, 152 T.C. 90, 105 (2019); *Chapman Glen, Ltd. v. Commissioner*, 140 T.C. 294, 322 (2013); *Halpern v. Commissioner*, 96 T.C. 895, 899 (1991); *Hirasuna v. Commissioner*, 89 T.C. 1216, 1224 (1987); *Huntsberry v. Commissioner*, 83 T.C. 742, 747–48 (1984). But any such arguable unequivocal bar is a high one to clear. *See GTE Sylvania, Inc.*, 447 U.S. at 108; *see also Chapman Glen, Ltd.*, 140 T.C. at 322 (and cases cited threat). The parties have not proffered any "unequivocal evidence" that could lead to a contrary result, and we are not aware of any such evidence either.

6330(c)(3). The record establishes that the settlement officer completed all of her responsibilities under section 6320 (including her verification that assessments of the penalties were not in violation of section 6751(b)(1)).[9]

Petitioner does not contend that Appeals erred with respect to the "relevant issues" or balancing prongs. We conclude that petitioner has waived any argument on those points. *See 3K Inv. Partners v. Commissioner*, 133 T.C. 112, 121 n.9 (2009). Petitioner's argument is that the assessments are invalid under the verification prong because, he asserts, he never received a Form 23–C, Assessment Certificate-Summary Record of Assessments, showing that any of the penalties have actually been assessed.

The record reflects that the settlement officer reviewed the IRS's transcripts and other computer records for petitioner, as well as his administrative file. She concluded that the IRS had properly assessed section 6702(a) liabilities and had met all other applicable requirements. As we understand petitioner's argument, respondent must produce a Form 23–C to prove that an assessment was made properly. We have rejected this argument before as frivolous. *See Carothers v. Commissioner*, T.C. Memo. 2013-165, at *8 n.7.

We also have explained that a settlement officer does not abuse his or her discretion when, to obtain the requisite verification, he or she relies on an IRS transcript, rather than producing or relying upon a Form 23–C. *Id*. Section 6330(c)(1) does not require the settlement officer to rely upon a particular document (e.g., the summary record itself rather than transcripts of account) in order to satisfy this verification requirement. *Nestor v. Commissioner*, 118 T.C. 162, 166–67 (2002). The settlement officer's verification that petitioner's liabilities were correctly assessed was proper under our jurisprudence. Petitioner has not comprehensibly alleged any irregularity in the IRS's assessment procedures that would call into question the validity of the assessments or the information in the transcripts. *Cf. Roberts v. Commissioner*, 118 T.C. 365, 370–71 (2002) (rejecting the notion that the IRS's use of a computer-generated report rather than a Form 23–C to make an assessment constitutes an irregularity in the IRS's assessment procedure), *aff'd*, 329 F.3d 1224 (11th Cir. 2003). We find no abuse of

---

[9] Section 6751(b)(1) generally provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment" receives proper written approval.

discretion in the settlement officer's disposition of the nonliability requirements.

We sustain the supplemental notice. We have considered all of petitioner's arguments, and to the extent not discussed above, we find them to be irrelevant, incomprehensible, or without merit.

To reflect the foregoing,

*An appropriate order and decision will be entered.*